**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**VICKI WILLIAMS,**

    **Plaintiff,**

**vs.**                                           **Case No. 4:09cv339-RH/WCS**

**BOARD OF COMMISSIONERS,**

    **Defendant.**

                               /

## REPORT AND RECOMMENDATION

Plaintiff, who is *pro se*, submitted a civil rights complaint on August 31, 2009. Doc. 1. Plaintiff has also submitted an amended complaint, doc. 3, and statement of facts, docs. 4, 5 and 6. Plaintiff did not pay the filing fee for this case nor did she submit an *in forma pauperis* motion with the required supporting financial affidavit. Under the local rules of this Court, a civil action "shall not be filed by the clerk until the fee is paid as required by 28 U.S.C. § 1914, unless the complaint . . . is accompanied by a motion for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.1(H). Because Plaintiff neither paid the fee nor filed an *in forma pauperis* motion, this case should be dismissed.[1]

---

[1] Plaintiff is well aware of this requirement and has been advised of the necessity to comply with Rule 5.1(H) in numerous prior cases she has filed in this Court. See, *e.g.*, cases 4:09cv84-RH/WCS; 4:08cv225-SPM/WCS; 4:08cv187-SPM/WCS; 4:07cv527-

Moreover, federal law permits a United States District Court to dismiss a case filed *in forma pauperis*, if it is satisfied that the action is frivolous or malicious. The Supreme Court has recognized two types of cases which may be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(d). <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). The first class are "claim(s) based on an indisputably meritless legal theory," and the second class contain "claims whose factual contentions are clearly baseless." *Id.* This case lacks both an arguable basis in law and is clearly removed from reality. <u>Sultenfuss v. Snow</u>, 894 F.2d 1277 (11th Cir. 1990), *citing* <u>Neitzke</u>. Plaintiff's allegations are incomprehensible and fit both classes of cases which may be dismissed *sua sponte*.

Even though Plaintiff has not yet been granted *in forma pauperis* status, there is no need to delay dismissal of this case only to resolve the issue of the filing fee. *Sua sponte* dismissal of the complaint is appropriate because it is frivolous and nonsensical.

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on September 11, 2009.

    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may**

---

SPM/WCS; 4:07cv521-SPM/WCS; and 4:07cv510-SPM/WCS.

Case No. 4:09cv339-RH/WCS

**respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**